No. 68079.—Ideal Products, Inc. *v.* United States, protest 58/20530 (New York).

FORD, Judge: This action is directed against the classification of the collector of customs of certain hunters' type caps, in the front of each of which there is a multicolored emblem of a running deer attached by stitching. These caps were assessed with duty at the rate of 45 per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol

of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as ornamented wearing apparel.

In its protest, plaintiff claims the involved merchandise to be properly subject to duty at the rate of 20 per centum ad valorem under the provisions of paragraph 919 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as clothing and articles of wearing apparel in chief value of cotton, other.

A sample of the involved cap was received in evidence as plaintiff's exhibit 1 and the case was submitted upon said sample with the following statement made by counsel for plaintiff:

* * * We rest, knowing full well that we haven't established what claim is right because we have not established what is the component material of chief value but we would like a decision as to whether or not the collector's classifica- tion is wrong, classifying the articles, the sample of which is in evidence, under Paragraph 1529.

Based upon the foregoing record, it is apparent that the court has no alternative but to overrule the protest in this matter. Under the well-settled principle of customs law, the presumption of correctness attaches to the collector's classifica- tion, and it is the burden of plaintiff to establish that the classification is incorrect and also what the correct classification should be. *United States* v. *Gardel Indus- tries*, 33 CCPA 118, C.A.D. 325; *United States* v. *G. Klein & Son*, 42 CCPA 73, C.A.D. 574; *Keer, Maurer Company* v. *United States*, 46 CCPA 110, C.A.D. 710.

Judgment will be entered accordingly.